IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EVARISTUS MACKEY**, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-05-1837 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **JOSEPH SMITH,** | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM**

**I.   Introduction**

Plaintiff, Evaristus Mackey, an inmate at the United States Penitentiary in Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this *pro se* action with a *Bivens*[1] civil rights complaint (Doc. 1).[2]  Plaintiff has also filed two applications to proceed *in forma pauperis* (Docs. 2 and 8).   Named as Defendant is USP-Lewisburg Warden Joseph Smith.

Plaintiff alleges that while he was previously incarcerated at "USP-Pollock" he was placed in disciplinary custody as a punishment for an "incident on 10-9-03."  Subsequently, Plaintiff was transferred to USP-Lewisburg; he claims that he is being punished again for the prior incident, and the punishment is excessive.  Plaintiff seeks transfer to another institution, monetary damages, such other relief as the Court deems appropriate, and he asks the Defendant to "restore [sic] all sanctions."  (Doc. 1 at 2.)  For the following reasons,

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2]Although Plaintiff claims that his action arises under the Federal Employer's Liability Act ("FELA"), the FELA creates a cause of action for tort claims by injured railway workers, and it is inapplicable here.  *See* 45 U.S.C. § 51.

the complaint will be dismissed pursuant to the provisions of 28 U.S.C. § 1915A.

**II.     Discussion**

    **A.  Screening Requirements**

The Prison Litigation Reform Act (the "Act") established new procedures for prisoners' civil rights actions filed in federal court.   Section 1915A(b) of the Act requires courts to screen complaints in civil actions in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity, and ". . . dismiss the complaint . . . if the complaint --- (1) fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A(b)(1).  Similarly, under § 1915(e)(2) of the Act, the Court **shall** dismiss claims by parties seeking to proceed *in forma pauperis* "if the court determines that – (B) the action or appeal – (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii).

    **B.  *Bivens* Claim**

A *Bivens* action, the federal equivalent of the § 1983 cause of action, will lie where (1) the defendant, acting under color of federal law, (2) has deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)  Both elements must be present, and Plaintiff fails to satisfy the second.  Plaintiff claims that he is being punished a second time for an "incident on 10-9-03," and therefore his current punishment is excessive, and violates his right to due process and the proscription of double jeopardy.  (Doc. 1 at 2.) Plaintiff alleges that he was found guilty of a misconduct on October 9, 2003, and he is being held in disciplinary confinement to the present time as a result of this prior offense.

He claims that he "must endure this excessive punishment from [an] incident on 10-9-03 at USP Pollock . . . The punishment is excessive and the Defendant is violating plaintiff's constitutional rights for cruel and unusual punishment, mental and physical anguish." (Doc. 1 at 2.)  However, Plaintiff's characterization of the facts is contradicted by the exhibits attached to his complaint.  Contrary to his allegations, the attachments demonstrate that Plaintiff is being punished for a more recent misconduct.

Attached to Plaintiff's complaint are various exhibits, which incorporate a response to Administrative Remedy No. 367709-A2 ("response") by National Appeals Administrator Harrell Watts (Doc. 1 at 6.)  In the response, dated July 22, 2005, Watts verifies that Plaintiff protests his "placement in the Special Housing Unit (SHU) for an extended period of time. [Plaintiff requests] to not be assigned to the SMU Program and to be transferred." (*Id*.)  However, Watts explains:

> Placement into the SMU Program is appropriate for inmates who have participated or played a leadership role in a geographical group- and/or gang-related disturbance.  You have been identified as holding a leadership role in a disturbance at your previous prison . . . You have refused to participate in the SMU Program and, as a result, you have received incident reports.  These incident reports warrant your placement in the SHU.  You must maintain a period of clear conduct before transfer may be considered.  Your last misconduct occurred on June 30, 2005.

(*Id*.)  Thus, Plaintiff is being detained for a recent offense, and not the 10-9-03 incident as he claims.  Therefore, Plaintiff is not being punished excessively, he is not being punished twice for the same offense, and he fails to state a claim upon which relief may be granted.  Moreover, any attempt to amend the complaint would be futile, and the case will be dismissed under the provisions of 28 U.S.C. § 1915A(b)(1), without leave to amend.  An

3

appropriate Order follows.


Dated: November 14, 2005                  /s/ A. Richard Caputo  
                                                         A. RICHARD CAPUTO  
                                                         United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**EVARISTUS MACKEY,**              :
                                   :
    **Plaintiff,**        :     **CIVIL NO. 3:CV-05-1837**
                                   :
**v.**                             :     **(Judge Caputo)**
                                   :
**JOSEPH SMITH,**                  :
                                   :
    **Defendant.**        :

### O R D E R

**AND NOW, THIS 14th DAY OF NOVEMBER, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's applications for leave to proceed *in forma pauperis* (Docs. 2 and 8) are **GRANTED** for the limited purpose of filing this complaint.

2. Plaintiff's complaint (Doc. 1) is dismissed pursuant to the provisions of 28 U.S.C. § 1915A(b)(1).

3. The Clerk of Court is directed to close this case.

4. Any appeal from this order shall be deemed frivolous, without probable cause, and not taken in good faith.

                                                  /s/ A. Richard Caputo
                                                A. RICHARD CAPUTO
                                                United States District Judge